**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL NO. 5:18-CV-37-DSC**

| | |
|---|---|
| ROBERT LEE COX, III, )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social )<br>Security Administration, )<br>Defendant. )<br>) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #14) and Defendant's "Motion for Summary Judgment" (document #18), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the Commissioner's decision.

**I.  PROCEDURAL HISTORY**

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on February 28, 2018. He assigns error to the Administrative Law Judge ("ALJ")'s evaluation of the opinion from his treating family physician Dr. Hank Clay, Jr. See Plaintiff's "Memorandum ..." at 5-10 (document #15). He also assigns

error to the ALJ's determination that he did not meet the criteria of Listing 1.04(A) (disorders of the spine) and to her formulation of his Residual Functional Capacity ("RFC").[1] See Plaintiff's "Memorandum ..." at 3-14 (document #15).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome − so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" as that term is defined for Social Security purposes.[2]

Plaintiff assigns error to the ALJ's RFC analysis generally. Although the ALJ formulated a detailed RFC, Plaintiff challenges only the exertional finding that he could perform light work.[3]

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

[3] The ALJ found that Plaintiff had the RFC "to perform light work as defined in 20 C.F.R. § 404.1567(b), except [Plaintiff] must be provided a brief position change every 30 minutes resulting in no more than one to two (1-2) minutes off task. [Plaintiff] can occasionally climb ramps and stairs but should never climb ladders, ropes, or scaffolds. [Plaintiff] can frequently balance, stoop, kneel crouch, and crawl. [Plaintiff] should never work around hazardous machinery, at unprotected heights, or … operate a motor vehicle as part of job duties." (Tr. 19).

Plaintiff's "Memorandum ..." at 3-14 (document #15).

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish his RFC by demonstrating how those impairments impact his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. It is only after that function-by-function analysis has been completed that RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id. The ALJ's RFC determination here is supported by Plaintiff's testimony,

4

medical records and treatment history.

Plaintiff challenges the ALJ's failure to give controlling weight to Dr. Clay's opinion in the context of her determination that Plaintiff did not meet Listing 1.04(A)[4] and that he can perform the exertional demands of light work. Under the relevant regulations, an opinion from a treating source on the nature and severity of a claimant's impairments may be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record. See 20 C.F.R. § 416.927(c)(2); Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). An ALJ's determination "as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' … or has failed to give a sufficient reason for the weight afforded a particular opinion." Dunn v. Colvin, 607 Fed. App'x 264, 267 (4th Cir. 2015) (internal citations omitted); see also McDowell v. Astrue, No. 3:11-CV-652–RJC–DSC, 2012 WL 4499336, at *3 (W.D.N.C. Aug. 2, 2012).

Dr. Clay used checkboxes to identify positive signs consistent with Listing 1.04(A) such as reduced range of motion, sensory loss, muscle weakness, positive straight leg raises, and tenderness. (Tr. 118). The ALJ assigned little weight to Dr. Clay's opinion because it was inconsistent with other substantial evidence in the record. (Tr. 23). The ALJ provided valid reasons for assigning little weight

---

[4]Listing 1.04(A) addresses disorders of the spine and requires compromise of a nerve root (including the cauda equine) or the spinal cord with:
> Evidence of [1] nerve root compression characterized by neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness [4] accompanied by sensory or reflex loss and, if there is involvement of the lower back, [5] positive straight-leg raising test (sitting and supine).

20 C.F.R. pt. 404, subpt. P., § 1.04(A).

to Dr. Clay's opinion. Dr. Clay's treatment records show that he did not evaluate Plaintiff's back disorder with any frequency and that most appointments addressed other complaints. (Tr. 23). The ALJ acknowledged Plaintiff's residual back and lower extremity pain, but objective examinations revealed no sensory deficits. Plaintiff had proximal muscle strength of 5/5, normal gait without the use of any assistive devices, and no muscle weakness. (Tr. 23). Following Plaintiff's October 2014 surgery, the record documented reduced pain. (Tr. 20, 306). Dr. Clay noted that Plaintiff took only over the counter Ibuprofen for pain. (Tr. 20, 118). The ALJ properly evaluated the medical opinions of record. Plaintiff's arguments fail to raise any "specious inconsistencies" or insufficient reasoning by the ALJ that would warrant disturbing her evaluation of Dr. Clay's opinion. (Tr. 20, 23).

For the same reasons, substantial evidence supports the ALJ's conclusion that Plaintiff could perform the exertional requirements of light work and did not meet Listing 1.04(A). The record failed to show that Plaintiff's spinal disorder caused nerve root compression with the additional medical criteria required by Listing 1.04(A). (Tr. 19). Despite reports of pain, at an April 2015 examination Plaintiff had removed his back brace one month prior and was able to bend touching fingertips to knees. Strength in his lower extremities remained normal. (Tr. 20, 328). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). The burden of demonstrating that an impairment meets or equals a listed impairment rests with the claimant. Id.; see also Kellough v. Heckler, 785 F.2d 1147, 1152 (4th Cir. 1986).

Although the medical records establish that Plaintiff experienced health issues to some extent, as the Fourth Circuit has noted it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57. Substantial evidence exists to support the ALJ's assessment of the medical records, Plaintiff's testimony, and her ultimate determination that Plaintiff was not disabled.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion For Summary Judgment" (document #14) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #18) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: December 11, 2018

David S. Cayer
United States Magistrate Judge